J-S21038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MOUA, | |
| Appellant | No. 2844 EDA 2014 |

Appeal from the PCRA Order September 5, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0000565-2000

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                     **FILED APRIL 09, 2015**

Appellant, David Moua, appeals *pro se* from the denial of his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. He argues that **Miller v. Alabama**[1] should apply retroactively to his mandatory life sentence for murder of the first degree.  However, Appellant has failed to plead and prove a statutory exception to the PCRA time bar. Accordingly, we affirm.

Appellant's conviction arose out of his participation, with his brother and another co-conspirator, Loi Nghiem, in the robbery and murder of his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Miller v. Alabama**, and **Jackson v. Hobbs**, 132 S. Ct. 2455 (2012). The **Miller** Court concluded that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment.  **See id.** at 2464.

Upper Darby next door neighbor, Constantine Polites, a college student.[2] (*See* Trial Court Opinion, filed 1/21/03, at 1). The robbery and murder took place on April 4, 2000. Appellant, born on July 19, 1983, was sixteen at the time of the crime.

Appellant's father accompanied him to the police station and remained with him during the questioning. The police gave Appellant *Miranda* warnings.[3] He gave an inculpatory statement implicating himself in the robbery. On May 23, 2002, a jury convicted Appellant of murder of the first degree, robbery, burglary, unlawful restraint, and theft by unlawful taking. On July 15, 2002, the trial court sentenced him, *inter alia*, to life imprisonment without parole. (*See id.* at 5).

---

[2] Notably, Mr. Polites was bound at the wrists and ankles with electrical cords, duct tape, and a black plastic wire tie. When found by his mother, he had been stabbed over forty times, and shot three times point blank in the head. The record before us tends to show that the actual perpetrator of the stabbings and shootings was the third co-conspirator, Loi Nghiem. Appellant's argument minimizes his involvement in the murder, but he does not dispute his involvement in the conspiracy to rob, nor his involvement in tying up the victim. In any event, Appellant bases his appeal on the retroactive application of *Miller*, not a claim of innocence of the crimes for which he was convicted.

Appellant had told substantially different versions of his story to the police, including an alibi which placed him in Philadelphia all day, playing hooky from school. When brought in for further questioning, he attempted to get rid of a black plastic wire tie in his jacket by passing it off to his father. The police noticed, and retrieved the tie.

[3] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

On July 30, 2004, this Court affirmed the judgment of sentence. (***See Commonwealth v. Moua***, 859 A.2d 833 (Pa. Super. 2004)). Our Supreme Court denied allowance of appeal, on February 24, 2005. (***See Commonwealth v. Moua***, 868 A.2d 1199 (Pa. 2005)).

Appellant's first PCRA petition, filed February 21, 2006, after amendment, was eventually denied, on August 17, 2007. This Court affirmed the denial on September 3, 2008. (***See Commonwealth v. Moua***, 963 A.2d 569 (Pa. Super. 2008)). Our Supreme Court denied allowance of appeal, on January 12, 2009.[4] (***See Commonwealth v. Moua***, 963 A.2d 469 (Pa. 2009)).

Appellant filed a second *pro se* PCRA petition on March 3, 2009. He filed another *pro se* PCRA petition on July 2, 2010.[5] The PCRA court, which had dismissed the subsequent petition without prejudice because the previous petition was still on appeal, reconsidered the subsequent petition after the previous decision was affirmed, and filed notice of its intention to dismiss. (***See*** Orders, 11/18/11). Appellant responded.

---

[4] For clarity, we note that the order denying allowance of appeal, dated January 12, 2009, was filed on February 5, 2009.

[5] Independently, Appellant's petition for a federal writ of *habeas corpus* was denied in an unpublished decision. ***See Moua v. Britten***, 2010 WL 962923 (E.D. Pa. 2010).

On January 18, 2013, the PCRA court appointed counsel for Appellant and directed him to file an amended petition or a "no merit" letter.[6]  On July 11, 2013, the PCRA court, at the request of appointed counsel, stayed proceedings in this case until further order, pending our Supreme Court's decision in **Commonwealth v. Cunningham**.  Our Supreme Court decided **Cunningham** on October 30, 2013.  **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).

After our Supreme Court's decision in **Cunningham**, the PCRA court granted counsel's petition to withdraw.  (**See** Order, 7/08/14).  In a separate order on the same day, the court filed notice of its intent to dismiss, and Appellant responded.  The PCRA court denied Appellant's petition on September 5, 2014.  Appellant timely appealed, *pro se*.[7]  (**See** Notice of Appeal, 10/01/14).  The PCRA court filed an opinion on November 14, 2014.

Appellant presents one question for our review.

> 1.  Did the [PCRA] [c]ourt err in denying [A]ppellant's P.C.R.A. petition since pursuant to the 6/25/12 United States Supreme Court decision in **Miller V. Alabama**, [A]ppellant, who was a juvenile at the time of the commission of the instant crime, received a[n] unconstitutional mandatory sentence of [l]ife [imprisonment] without the possibility of parole for [f]irst-

---

[6] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] The PCRA court did not order Appellant to file a statement of errors. **See** Pa.R.A.P. 1925(b).

[d]egree [m]urder and therefore his sentence must be vacated and he be re-sentence[d] due to violation of the U.S. Constitutional Amendment and Pennsylvania Constitution[?]

(Appellant's Brief, at 2).

Appellant argues that he is entitled to an evidentiary hearing, and re-sentencing, pursuant to **Miller** and its companion case, **Jackson v. Hobbs**, **supra**. (**See** Appellant's Brief, at 6-20). We disagree.

Our standard and scope of review for the denial of PCRA relief are well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). The PCRA provides, in pertinent part, that:

> (1) Any petition under this [PCRA] subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (citation omitted).

Petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*       *       *

The elements necessary to establish a § 9545(b)(1)(iii) exception are now well established in the courts of this Commonwealth:

Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right

- 6 -

"has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Gandy**, 38 A.3d 899, 903 (Pa. Super. 2012), *appeal denied*, 49 A.3d 442 (Pa. 2012) (case citations omitted).

"It is the appellant's burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations and other punctuation omitted). Similarly, "[t]he PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Lewis**, **supra** at 1279 (citing **Albrecht**).

Here, as noted by the PCRA court, Appellant's PCRA petition is patently untimely.[8] (**See** PCRA Court Opinion, 11/14/14, at 2). Importantly, Appellant does not satisfy the burden to allege and prove a statutory exception by mere citation to United States Supreme Court cases in support

_____

[8] Appellant's judgment of sentence became final on May 25, 2005. Therefore, he had until May 25, 2006 to file a timely PCRA petition. (**See** PCRA Court Opinion, 11/13/14, at 2 n.5).

of his substantive argument on appeal. *See Lewis*, *supra* at 1279. He must first establish an exception to the statutory time bar.

Appellant's PCRA petition does not plead or prove an exception to the statutory time-bar. Therefore, he failed to establish that any exceptions apply. Accordingly, neither the PCRA court nor this Court has jurisdiction to address the substantive claims raised and we have no basis to overturn the PCRA court's decision in this matter. *See id.*

Our reasoning differs from that of the PCRA court.[9] However, we may affirm the PCRA court's order on any basis. *See Reed, supra* at 140.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2015

_____

[9] Nevertheless, the PCRA court's legal reasoning, that under *Cunningham Miller* does not apply retroactively, remains sound. (*See* PCRA Ct. Op., at 2); *Cunningham*, *supra* at 11. *See also Reed*, *supra* at 144 (concluding there is no reasonable doubt about our Supreme Court's conclusion in *Cunningham* that *Miller* is not retroactive); *Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014) ("[I]n *Cunningham,* our Supreme Court held that the constitutional right announced by the United States Supreme Court in *Miller* does not apply retroactively."). Even if we had jurisdiction to review the substance of Appellant's claim, his issue would not merit relief.